**Munden Law Firm**
4500 Mercantile Plaza Dr
Suite 300
Fort Worth, TX 76137

Bar Number: 00795547
Phone: (817) 361-4325

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Jose Raymond Briones** | xxx-xx-5469 | § | Case No: |
| 10037 Regent Row St | | § | Date: **2/15/2019** |
| Fort Worth, TX 76126 | | § | Chapter 13 |
| | | § | |
| | | § | |

Debtor(s)

## DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: | **$2,355.00** | Value of Non-exempt property per § 1325(a)(4): | **$320.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$141,300.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No:
Debtor(s):  **Jose Raymond Briones**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) & § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

**A.  PLAN PAYMENTS:**

Debtor(s) propose(s) to pay to the *Trustee* the sum of:

__$2,355.00__ per month, months __1__ to __60__.

For a total of __$141,300.00__ (estimated "*Base Amount*").

First payment is due __3/17/2019__.

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$320.00__.

**B.  STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C.  ATTORNEY FEES:** To __Munden Law Firm__, total: __$3,700.00__;
__$690.00__ Pre-petition; __$3,010.00__ disbursed by the *Trustee*.

Case No:
Debtor(s): **Jose Raymond Briones**

---

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Ocwen Loan Servicing LLC** **10037 Regent Row St** | **$8,050.00** | | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Ocwen Loan Servicing LLC** **10037 Regent Row St** | **58 month(s)** | **$1,746.30** | **4/1/2019** |

**D.(3)  POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Ocwen Loan Servicing LLC** **10037 Regent Row St** | **$3,512.66** | | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**E.(1)  SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Conns** **Grill and lawnmower** | **$1,200.00** | **$400.00** | **0.00%** | | **Pro-Rata** |
| **Progressive Leasing** **Mattress** | **$450.00** | **$0.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

Case No:
Debtor(s): **Jose Raymond Briones**

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| Internal Revenue Service | $15,000.00 | Month(s) 1-60 | Pro-Rata |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

_____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| 1st American | $1,601.00 | |
| Absolute Collection Services | $1,800.00 | |
| Ace Credit Services | $1,204.00 | |
| Advance America | $1,400.00 | |
| Assetcare | $438.00 | |

Case No:
Debtor(s):  **Jose Raymond Briones**

| | | |
|---|---|---|
| **Avio Credit Inc.** | $400.00 | |
| **Bullcity Financial Solutions** | $518.00 | |
| **Capital One** | $750.00 | |
| **Cash America** | $1,450.00 | |
| **Cash Net USA** | $1,300.00 | |
| **Cash Store** | $1,476.72 | |
| **Citi** | $228.00 | |
| **Commonwealth Financial Systems Inc.** | $285.00 | |
| **Computer Credit Inc** | $150.00 | |
| **Conns** | $800.00 | Unsecured portion of the secured debt (Bifurcated) |
| **Continental** | $450.00 | |
| **Credit Management LP** | $119.00 | |
| **Credit One Bank** | $425.40 | |
| **Credit Systems International** | $183.00 | |
| **Credit Union of Texas** | $467.00 | |
| **Credit Union Services, Inc.** | $254.00 | |
| **EECU** | $1,672.00 | |
| **First Access Visa** | $325.62 | |
| **First Bank of Delaware** | $470.00 | |
| **First Premier Bank** | $520.05 | |
| **First Premier Bank** | $252.00 | |
| **Fortiva Retail Credit** | $1,276.00 | |
| **Harris & Harris Ltd.** | $95.00 | |
| **I.C.Systems** | $80.00 | |
| **Integrity Funding** | $2,526.24 | |
| **Internal Revenue Service** | $16,899.48 | Bifurcated portion of priority claim |
| **James Kendall** | $3,000.00 | |
| **Jefferson Capital Systems LLC** | $1,204.00 | |
| **LVNV** | $1,800.00 | |
| **North Texas Tollway Authority** | $268.05 | |
| **One Main Financial** | $4,100.00 | |
| **Paula Moore** | $4,000.00 | |
| **Payday Select** | $512.00 | |
| **Phoenix Financial Services LLC** | $150.00 | |
| **Poolmasters Inc.** | $564.22 | |
| **Portfolio Recovery Associates** | $99.47 | |
| **Portfolio Recovery Associates** | $871.22 | |
| **Power Finance Texas** | $1,589.00 | |
| **Premier Bankcard/Charter** | $253.00 | |
| **Professional Finance Co., Inc.** | $39.81 | |
| **Progressive Leasing** | $450.00 | Unsecured portion of the secured debt (Bifurcated) |
| **Reflex Cardholder Services** | $495.80 | |
| **Speedy Cash** | $1,600.00 | |
| **Think Cash** | $520.00 | |
| **True Financial Services** | $1,204.00 | |
| **United Revenue Corp** | $68.00 | |

Case No:
Debtor(s):  **Jose Raymond Briones**

| | |
|---|---|
| **Valero Gas Card** | **$433.00** |
| **Verizon Wireless** | **$202.00** |
| **Wachovia** | **$1,000.00** |
| TOTAL SCHEDULED UNSECURED: | **$64,239.08** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**0%**____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.  SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.  ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the **Debtor's(s')** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan.*  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

Case No:
Debtor(s):  **Jose Raymond Briones**

---

#### D.(3)  POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3).  To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

#### E.(1)    SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(l) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

#### E.(2)    SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

#### F.    SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

#### G.    DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

#### H.    PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

#### I.    CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

#### J.    GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

Case No:
Debtor(s): **Jose Raymond Briones**

---

**K.** <u>**EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**</u>

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.** <u>**CLAIMS TO BE PAID:**</u>

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.** <u>**ADDITIONAL PLAN PROVISIONS:**</u>

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.** <u>**POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**</u>

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.** <u>**CLAIMS NOT FILED:**</u>

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.** <u>**CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**</u>

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.** <u>**CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**</u>

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.** <u>**BUSINESS CASE OPERATING REPORTS:**</u>

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.** <u>**NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**</u>

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.** <u>**DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**</u>

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No:
Debtor(s): **Jose Raymond Briones**

---

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U. ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:
Debtor(s): **Jose Raymond Briones**

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V. POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:
Debtor(s): **Jose Raymond Briones**

---

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Kathleen Munden**
_____          _____
Kathleen Munden, Debtor's(s') Attorney          Debtor (if unrepresented by an attorney)


Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Kathleen Munden**
_____          **00795547**
_____
Kathleen Munden, Debtor's(s') Counsel          State Bar Number

Case No:
Debtor(s): **Jose Raymond Briones**

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the ___**3rd day of April, 2019**___ :

(List each party served, specifying the name and address of each party)

Dated: _____**April 1, 2019**_____          **/s/ Kathleen Munden**_____
                                            Kathleen Munden, Debtor's(s') Counsel

| | | |
|---|---|---|
| 1st American<br>8802<br>2019 8th Ave<br>Fort Worth, TX 76110 | Bullcity Financial Solutions<br>5148<br>1107 W Main St Ste 201<br>Durham, NC 27701 | Commonwealth Financial Systems Inc.<br>09N1<br>245 Main Street<br>Scranton, PA 18519 |
| Absolute Collection Services<br>7966<br>50 Palmetto Bay Rd #205<br>Hilton Head Island, SC 29928 | Capital One<br>5263<br>PO Box 30285<br>Salt Lake City UT 84130-0285 | Computer Credit Inc<br>0772<br>PO Box 5238<br>Durham, NC 27713-5238 |
| Ace Credit Services<br>3001<br>6304 Jacksboro Hwy<br>Fort Worth, TX 76135 | Cash America<br>2505<br>17 Triangle Park<br>Cincinnati, OH 45246 | Conns<br>5906<br>PO Box 815867<br>Dallas, TX 75234-5867 |
| Advance America<br>9906<br>9112 Camp Bowie West Blvd, Suite 120<br>Fort Worth, TX 76116 | Cash Net USA<br>5970<br>PO Box 18066<br>Hauppauge, NY 11788 | Continental<br>6787<br>PO Drawer 811<br>Spartanburg, SC 29304 |
| Assetcare<br>3421<br>2222 Texoma Pkwy Ste 180<br>Sherman, TX 75090 | Cash Store<br>5273<br>1901 Gateway Dr, Suite 200<br>Irving TX 75038 | Credit Management LP<br>2279<br>4200 International Pkwy<br>Carrollton, TX 75007 |
| Avio Credit Inc.<br>0848<br>PO Box 780408<br>Wichita, KS 67278-0408 | Citi<br>6330<br>PO Box 6500<br>Sioux Falls SD 57117 | Credit One Bank<br>0668<br>PO Box 98873<br>Las Vegas, NV 89193-8673 |

Case No:
Debtor(s):  **Jose Raymond Briones**

---

Credit Systems International
5394
1277 Country Club Lane
Fort Worth, TX 76112

Fortiva Retail Credit
1429
PO Box 105555
Atlanta, GA 30348-5555

LVNV
3082
PO Box 740281
Houston, TX 77274

Credit Union of Texas
4700
PO Box 515169
Dallas, TX 75251

Harris & Harris Ltd.
3891
222 Merchandise Mark Plaza
Chicago, IL 60654

North Texas Tollway Authority
5942
PO Box 660244
Dallas, TX 75266

Credit Union Services, Inc.
5469
PO Box 515718
Dallas, TX 75251-5718

I.C.Systems
3274
PO Box 64137
Saint Paul, MN 55164-0137

Ocwen Loan Servicing LLC
9437
PO Box 24738
West Palm Beach, FL 33416-4738

EECU
0003
PO Box 1777
Fort Worth, TX 76101

Integrity Funding
9906
84 Villa Rd
Greenville, SC 29615

One Main Financial
7020
4608 Bryant Irvin Rd, Suite 411
Fort Worth, TX 76132

First Access Visa
4306
PO Box 89028
Sioux Falls, SD 57109-9028

Internal Revenue Service
5469
PO Box 7346
Philadelphia PA 19101-7346

Paula Moore
3804
933 W Weatherford St Ste 200
Fort Worth, TX 76102

First Bank of Delaware
6787
1000 Rock Run Parkway
Wilmington, DE 19801

James Kendall
None
117 Sproles Dr
Fort Worth, TX 76126

Payday Select
5469
PO Box 852
Ruidoso, NM 88345

First Premier Bank
7815
PO Box 5524
Sioux Falls, SD 57117-5524

Jefferson Capital Systems LLC
4309
PO Box 7999
Saint Cloud, MN 56302

Phoenix Financial Services LLC
9699
8902 Otis Ave Ste 103A
Indianapolis, IN 46216-1077

First Premier Bank
4576
PO Box 5524
Sioux Falls, SD 57117-5524

Jose Raymond Briones
10037 Regent Row St
Fort Worth, TX 76126

Poolmasters Inc.
2307
7329 Bramblewood Rd
Fort Worth, TX 76133

Case No:
Debtor(s):   **Jose Raymond Briones**

Portfolio Recovery Associates
xxxnown
PO Box 41067
Norfolk, VA 23541

Think Cash
xxxnown
PO Box 101842
Fort Worth, TX 76126

Portfolio Recovery Associates
5827
PO Box 41067
Norfolk, VA 23541

True Financial Services
3001
PO Box 2803
Peachtree City, GA 30269-0803

Power Finance Texas
9289
1303 N. Collins St
Arlington, TX 76011

United Revenue Corp
9453
204 Billings St Ste 120
Arlington, TX 76010-2495

Premier Bankcard/Charter
4576
PO Box 2208
Vacaville, CA 95696

United States Trustee
1100 Commerce St Room 976
Dallas, TX 75242-0996

Professional Finance Co., Inc.
6584
5754 West 11th St, Suite 100
Greeley, CO 80634-4809

Valero Gas Card
0001
PO Box 631
Amarillo TX 79105-0631

Progressive Leasing
xxxnown
256 W Data Dr
Draper UT 84020

Verizon Wireless
xxxnown
PO Box 650051
Dallas, TX 75265

Reflex Cardholder Services
4433
PO Box 3220
Buffalo, NY 14240

Wachovia
xxxnown
PO Box 21566
Greensboro, NC 27420-1566

Speedy Cash
8357
PO Box 780408
Wichita, KS 67278-0408

**Munden Law Firm**
4500 Mercantile Plaza Dr
Suite 300
Fort Worth, TX 76137

Bar Number:   **00795547**
Phone:   **(817) 361-4325**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Jose Raymond Briones**          **xxx-xx-5469**   §          CASE NO:
    10037 Regent Row St                                   §
    Fort Worth, TX 76126                                  §
                                                          §
                                                          §

                        Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: **2/15/2019**

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$2,355.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $164.50 | $164.85 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $60.90 | $0.00 |
| **Subtotal Expenses/Fees** | **$230.40** | **$164.85** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$2,124.60** | **$2,190.15** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles:   **$0.00**

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Ocwen Loan Servicing LLC | 10037 Regent Row St | 4/1/2019 | $144,801.85 | $233,606.00 | $1,756.33 |

Payments for Current Post-Petition Mortgage Payments (Conduit):   **$1,756.33**

Case No:
Debtor(s): Jose Raymond Briones

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|-----------------------------------|

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$0.00**

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---:|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$2,124.60** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---:|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$1,756.33** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$433.82** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __4/1/2019__

**/s/ Kathleen Munden**
Attorney for Debtor(s)

<table>
<tr><td>

**Fill in this information to identify your case:**

Debtor 1    __Jose__      __Raymond__      __Briones__
           First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing) First Name        Middle Name        Last Name

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF TEXAS__

Case number
(if known)

</td><td>

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☑ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

</td></tr>
</table>

## Official Form 122C-1

### Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Average Monthly Income**

1. **What is your marital and filing status?** Check one only.

    ☑ **Not married.** Fill out Column A, lines 2-11.

    ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $439.91 | |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse. | $0.00 | |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $0.00 | |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | | | |
| Ordinary and necessary operating expenses   − | $0.00 | − | | |
| Net monthly income from a business, profession, or farm | $0.00 | | Copy here → | $0.00 |

Debtor 1 **Jose Raymond Briones**

Case number (if known) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**6.** **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | _____ | | |
| Ordinary and necessary operating expenses | — $0.00 | — _____ | | |
| Net monthly income from rental or other real property | $0.00 | _____ | Copy here ➔ | $0.00 | _____ |

**7.** **Interest, dividends, and royalties** — $0.00 _____

**8.** **Unemployment compensation** — $0.00 _____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ................↓

For you.................................................................. $0.00

For your spouse.......................................................... _____

**9.** **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. — $1,685.00 _____

**10.** **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____ _____ _____

_____ _____ _____

Total amounts from separate pages, if any. + _____ + _____

**11.** **Calculate your total average monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B. — $2,124.91 + [ ] = $2,124.91

**Total average monthly income**

**Part 2:** **Determine How to Measure Your Deductions from Income**

**12.** Copy your total average monthly income from line 11. ................................................... $2,124.91

**13.** **Calculate the marital adjustment.** Check one:

- ☑ You are not married. Fill in 0 below.
- ☐ You are married and your spouse is filing with you. Fill in 0 below.
- ☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____ _____

_____ _____

_____ +_____

Total.......................................................................... $0.00 Copy here ➔ — $0.00

**14.** **Your current monthly income.** Subtract the total in line 13 from line 12. $2,124.91

Debtor 1    **Jose Raymond Briones**                                                      Case number (if known) _____

**15. Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➡ ............................................................................................................    **$2,124.91**

Multiply line 15a by 12 (the number of months in a year).                                  **X    12**

15b. The result is your current monthly income for the year for this part of the form. ...........................    **$25,498.92**

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                        **Texas**

16b. Fill in the number of people in your household.                  **2**

16c. Fill in the median family income for your state and size of household.................................................    **$65,429.00**
To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined*
*under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out Calculation of Your Disposable Income (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under*
*11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).**
On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

**18. Copy your total average monthly income from line 11.** ......................................................................    **$2,124.91**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend
that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's
income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. ...........................................    **−    $0.00**

19b. **Subtract line 19a from line 18.**                                                                   **$2,124.91**

**20. Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b ..............................................................................................................    **$2,124.91**

Multiply by 12 (the number of months in a year).                                         **X    12**

20b. The result is your current monthly income for the year for this part of the form.                    **$25,498.92**

20c. Copy the median family income for your state and size of household from line 16c. ...................    **$65,429.00**

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1
of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

Debtor 1    **Jose Raymond Briones**                        Case number (if known) _____

| Part 4: | Sign Below |
|---------|------------|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Jose Raymond Briones**              X _____
Jose Raymond Briones, Debtor 1                      Signature of Debtor 2

Date   **4/1/2019** _____            Date _____
      MM / DD / YYYY                              MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

Debtor 1     **Jose**       **Raymond**       **Briones**
First Name       Middle Name       Last Name

Debtor 2
(Spouse, if filing)   First Name       Middle Name       Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number
(if known)

☐ Check if this is an amended filing

Official Form 122C-2       <span style="color:red">**Don't Skip Sections Option is Turned On**</span>

## Chapter 13 Calculation of Your Disposable Income       04/16

To fill out this form, you will need your completed copy of Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:     Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C-1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C-1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

**5.**    **The number of people used in determining your deductions from income**
Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.      **2**

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

**6.**    **Food, clothing and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.      **$1,202.00**

**7.**    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| People who are under 65 years of age | | |
|---|---|---|
| 7a. Out-of-pocket health care allowance per person | **$52.00** | |
| 7b. Number of people who are under 65 | X | |
| 7c. **Subtotal.** Multiply line 7a by line 7b. | **$0.00** | Copy here ➜    **$0.00** |

| People who are 65 years of age or older | | |
|---|---|---|
| 7d. Out-of-pocket health care allowance per person | **$114.00** | |
| 7e. Number of people who are 65 or older | X | |
| 7f. **Subtotal.** Multiply line 7d by line 7e. | **$0.00** | Copy here ➜   +   **$0.00** |
| 7g. **Total.** Add lines 7c and 7f. | **$0.00** | Copy here ➜    **$0.00** |

Debtor 1    **Jose Raymond Briones** _____    Case number (if known) _____

| Local Standards | You must use the IRS Local Standards to answer the questions in lines 8-15. |
|---|---|

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- Housing and utilities -- Insurance and operating expenses
- Housing and utilities -- Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.   **Housing and utilities -- Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.                    $584.00

9.   **Housing and utilities -- Mortgage or rent expenses:**

   9a.   Using the number of people you entered in line 5, fill in the dollar amount listed     $1,193.00
   for your county for mortgage or rent expenses.

   9b.   Total average monthly payment for all mortgages and other debts secured by
   your home.

   To calculate the total average monthly payment, add all amounts that are
   contractually due to each secured creditor in the 60 months after you file for
   bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **Ocwen Loan Servicing LLC** | $1,546.20 |
| _____ | _____ |
| _____ + | _____ |

   9b.   Total average monthly payment    | $1,546.20 |   Copy here →   − $1,546.20    Repeat this amount on line 33a.

   9c.   Net mortgage or rent expense.

   Subtract line 9b (total average monthly payment) from line 9a (mortgage or
   rent expense). If this number is less than $0, enter $0.        | $0.00 |   Copy here →    $0.00

10.   **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect     _____
   and affects the calculation of your monthly expenses, fill in any additional amount you claim.**

   Explain   _____
   why:       _____

11.   **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.
   ☐  0. Go to line 14.
   ☑  1. Go to line 12.
   ☐  2 or more.  Go to line 12.

12.   **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the     $252.00
   operating expenses, fill in the Operating Costs that apply for your Census region or metropolitan statistical area.

Debtor 1    **Jose Raymond Briones**            Case number (if known) _____

**13. Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**    **Describe Vehicle 1:**

13a. Ownership or leasing costs using IRS Local Standard. ................................................    **$497.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

       Do not include costs for leased vehicles.

       To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| _____ | _____ |
| _____ + | _____ |

          Total average monthly payment   **$0.00**   Copy here ➔    −    **$0.00**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense. Subtract line 13b from line 13a. If this number is less than $0, enter $0. ..................   **$497.00**   **Copy net Vehicle 1 expense here** ➔    **$497.00**

**Vehicle 2**    **Describe Vehicle 2:**

13d. Ownership or leasing costs using IRS Local Standard. ................................................    _____

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | _____ |
| _____ | _____ |

          Total average monthly payment   _____   Copy here ➔    −    _____    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense. Subtract line 13e from line 13d. If this number is less than $0, enter $0. .....................     **Copy net Vehicle 2 expense here** ➔    **$0.00**

**14. Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the Public Transportation expense allowance regardless of whether you use public transportation.    **$0.00**

Debtor 1    **Jose Raymond Briones**      Case number (if known) _____

**15. Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, but you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for Public Transportation.    **$0.00**

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

**16. Taxes:** The total monthly amount that you actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
Do not include real estate, sales, or use taxes.    **$0.00**

**17. Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    **$0.00**

**18. Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    **$0.00**

**19. Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    **$0.00**

**20. Education:** The total monthly amount that you pay for education that is either required:
- as a condition for your job, or
- for your physically or mentally challenged dependent child if no public education is available for similar services.    **$0.00**

**21. Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education.    **$0.00**

**22. Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.    **$0.00**

**23. Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.    + **$0.00**

**24. Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23.    **$2,535.00**

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test.<br>Note: Do not include any expense allowances listed in lines 6-24. |
|---|---|

**25. Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | **$0.00** | |
| Disability insurance | **$0.00** | |
| Health savings account | + **$0.00** | |
| Total | **$0.00** | Copy total here ➔ ........................................................... **$0.00** |

Do you actually spend this total amount?

☐ No. How much do you actually spend? _____
☑ Yes

**26. Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).    **$0.00**

Debtor 1    **Jose Raymond Briones**                 Case number (if known) _____

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the     **$0.00**
safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
By law, the court must keep the nature of these expenses confidential.

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses
on line 8.

   If you believe that you have home energy costs that are more than the home energy costs included in expenses on
   line 8, then fill in the excess amount of home energy costs.

   You must give your case trustee documentation of your actual expenses, and you must show that the additional
   amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than     **$0.00**
$170.83* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or
public elementary or secondary school.

   You must give your case trustee documentation of your actual expenses, and you must explain why the amount
   claimed is reasonable and necessary and not already accounted for in lines 6-23.

   * Subject to adjustment on 4/01/19, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are
higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more
than 5% of the food and clothing allowances in the IRS National Standards.

   To find a chart showing the maximum additional allowance, go online using the link specified in the separate
   instructions for this form. This chart may also be available at the bankruptcy clerk's office.

   You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial    **+**    **$0.00**
instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

   Do not include any amount more than 15% of your gross monthly income.

32. **Add all of the additional expense deductions.**                       **$0.00**
Add lines 25 though 31.

Debtor 1   **Jose Raymond Briones**            Case number (if known) _____

---

**Deductions for Debt Payment**

**33.** **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

|  |  | Average monthly payment |
|---|---|---|
| | **Mortgages on your home** | |
| 33a. | Copy line 9b here...............................................................➔ | **$1,546.20** |
| | **Loans on your first two vehicles** | |
| 33b. | Copy line 13b here.............................................................➔ | **$0.00** |
| 33c. | Copy line 13e here.............................................................➔ | **$0.00** |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **Conns** | **Grill and lawnmower** | ☑ No ☐ Yes | **$20.00** |
| **Progressive Leasing** | **Mattress** | ☑ No ☐ Yes | **$7.50** |
| _____ | _____ | ☐ No ☐ Yes | **+** |

| | | | | |
|---|---|---|---|---|
| 33e. | Total average monthly payment. Add lines 33a through 33d................................. | **$1,573.70** | Copy total here ➔ | **$1,573.70** |

**34.** **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No. Go to line 35.

☑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the cure amount). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| **Ocwen Loan Servicing LLC** | **10037 Regent Row St** | **$6,500.00** | ÷ 60 = | **$108.33** |
| _____ | _____ | _____ | ÷ 60 = | _____ |
| _____ | _____ | _____ | ÷ 60 = **+** | _____ |

| | | | |
|---|---|---|---|
| | | Total | **$108.33** | Copy total here ➔ | **$108.33** |

**35.** **Do you owe any priority claims--such as a priority tax, child support, or alimony--that are past due as of the filing date of your bankruptcy case?**
11 U.S.C. § 507.

☐ No. Go to line 36.

☑ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

| | | | | |
|---|---|---|---|---|
| | Total amount of all past-due priority claims........................................................ | **$15,050.16** | ÷ 60 = | **$250.84** |

Debtor 1 __Jose Raymond Briones_____ Case number (if known) _____

**36. Projected monthly Chapter 13 plan payment** _____

Current multiplier for your district as stated on the list issued by the Administrative
Office of the United States Courts (for districts in Alabama and North Carolina) or
by the Executive Office for United States Trustees (for all other districts).

To find a list of district multipliers that includes your district, go online using the link       X ____10__ %
specified in the separate instructions for this form. This list may also be available
at the bankruptcy clerk's office.

Average monthly administrative expense                     [          ]   Copy total  _____
                                                                          here ➔

**37. Add all of the deductions for debt payment.**                                     [ **$1,932.87** ]
Add lines 33g through 36.

| Total Deductions from Income |
|---|

**38. Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances*.................... **$2,535.00**

Copy line 32, *All of the additional expense deductions*................................................. **$0.00**

Copy line 37, *All of the deductions for debt payment*.................................... + **$1,932.87**

Total deductions                              [ **$4,467.87** ]   Copy total   [ **$4,467.87** ]
                                                                  here ➔

| Part 2: | Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2) |
|---|---|

**39. Copy your total current monthly income from line 14 of Form 122C-1, Chapter 13
Statement of Your Current Monthly Income and Calculation of Commitment Period.** ................................ **$2,124.91**

**40. Fill in any reasonably necessary income you receive for support of dependent children.**
The monthly average of any child support payments, foster care payments, or
disability payments for a dependent child, reported in Part 1 of Form 122C-1, that       _____
you received in accordance with applicable nonbankruptcy law to the extent
reasonably necessary to be expended for such child.

**41. Fill in all qualified retirement deductions.** The monthly total of all amounts that
your employer withheld from wages as contributions for qualified retirement
plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans       **$0.00**
from retirement plans, as specified in 11 U.S.C. § 362(b)(19).

**42. Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).**
Copy line 38 here........................................................................................ ➔ **$4,467.87**

**43. Deduction for special circumstances.** If special circumstances justify additional
expenses and you have no reasonable alternative, describe the special
circumstances and their expenses. You must give your case trustee a detailed
explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ + | _____ |
| Total | [ **$0.00** ] Copy here ➔ + **$0.00** |

Debtor 1   **Jose Raymond Briones** _____ Case number (if known) _____

**44. Total adjustments.** Add lines 40 through 43.............................................. ➔ | $4,467.87 | Copy here ➔ | — | $4,467.87

**45. Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39. | ($2,342.96)

---

| **Part 3:** | **Change in Income or Expenses** |

**46. Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|------|------|-------------------|----------------|-----------------------|------------------|
| ☐ 122C-1 ☐ 122C-2 | | | | ☐ Increase ☐ Decrease | |
| ☐ 122C-1 ☐ 122C-2 | | | | ☐ Increase ☐ Decrease | |
| ☐ 122C-1 ☐ 122C-2 | | | | ☐ Increase ☐ Decrease | |
| ☐ 122C-1 ☐ 122C-2 | | | | ☐ Increase ☐ Decrease | |

---

| **Part 4:** | **Sign Below** |

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

**X** /s/ Jose Raymond Briones _____    **X** _____
Jose Raymond Briones, Debtor 1                                 Signature of Debtor 2

Date   **4/1/2019** _____                                     Date _____
        MM / DD / YYYY                                          MM / DD / YYYY

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Jose Raymond Briones**
_____
_____Debtor_____

CASE NO.

_____
_____Joint Debtor_____

CHAPTER **13**

## CERTIFICATE OF SERVICE

---

I, the undersigned, hereby certify that on April 3, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Kathleen Munden**
_____
Kathleen Munden
Bar ID:00795547
Munden Law Firm
4500 Mercantile Plaza Dr
Suite 300
Fort Worth, TX 76137
(817) 361-4325

---

| | | |
|---|---|---|
| 1st American<br>8802<br>2019 8th Ave<br>Fort Worth, TX 76110 | Assetcare<br>3421<br>2222 Texoma Pkwy Ste 180<br>Sherman, TX 75090 | Cash America<br>2505<br>17 Triangle Park<br>Cincinnati, OH 45246 |
| Absolute Collection Services<br>7966<br>50 Palmetto Bay Rd #205<br>Hilton Head Island, SC 29928 | Avio Credit Inc.<br>0848<br>PO Box 780408<br>Wichita, KS 67278-0408 | Cash Net USA<br>5970<br>PO Box 18066<br>Hauppauge, NY 11788 |
| Ace Credit Services<br>3001<br>6304 Jacksboro Hwy<br>Fort Worth, TX 76135 | Bullcity Financial Solutions<br>5148<br>1107 W Main St Ste 201<br>Durham, NC 27701 | Cash Store<br>5273<br>1901 Gateway Dr, Suite 200<br>Irving TX 75038 |
| Advance America<br>9906<br>9112 Camp Bowie West Blvd, Suite 120<br>Fort Worth, TX 76116 | Capital One<br>5263<br>PO Box 30285<br>Salt Lake City UT 84130-0285 | Citi<br>6330<br>PO Box 6500<br>Sioux Falls SD 57117 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Jose Raymond Briones**

_____

Debtor

CASE NO.

_____

Joint Debtor

CHAPTER    **13**

## CERTIFICATE OF SERVICE

(Continuation Sheet #1)

---

Commonwealth Financial Systems Inc.
09N1
245 Main Street
Scranton, PA 18519

Credit Union of Texas
4700
PO Box 515169
Dallas, TX 75251

Fortiva Retail Credit
1429
PO Box 105555
Atlanta, GA 30348-5555

Computer Credit Inc
0772
PO Box 5238
Durham, NC 27713-5238

Credit Union Services, Inc.
5469
PO Box 515718
Dallas, TX 75251-5718

Harris & Harris Ltd.
3891
222 Merchandise Mark Plaza
Chicago, IL 60654

Conns
5906
PO Box 815867
Dallas, TX 75234-5867

EECU
0003
PO Box 1777
Fort Worth, TX 76101

I.C.Systems
3274
PO Box 64137
Saint Paul, MN 55164-0137

Continental
6787
PO Drawer 811
Spartanburg, SC 29304

First Access Visa
4306
PO Box 89028
Sioux Falls, SD 57109-9028

Integrity Funding
9906
84 Villa Rd
Greenville, SC 29615

Credit Management LP
2279
4200 International Pkwy
Carrollton, TX 75007

First Bank of Delaware
6787
1000 Rock Run Parkway
Wilmington, DE 19801

Internal Revenue Service
5469
PO Box 7346
Philadelphia PA 19101-7346

Credit One Bank
0668
PO Box 98873
Las Vegas, NV 89193-8673

First Premier Bank
7815
PO Box 5524
Sioux Falls, SD 57117-5524

James Kendall
None
117 Sproles Dr
Fort Worth, TX 76126

Credit Systems International
5394
1277 Country Club Lane
Fort Worth, TX 76112

First Premier Bank
4576
PO Box 5524
Sioux Falls, SD 57117-5524

Jefferson Capital Systems LLC
4309
PO Box 7999
Saint Cloud, MN 56302

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:   **Jose Raymond Briones**                                        CASE NO.

_____
                        *Debtor*

                                                                         CHAPTER      **13**
_____
                        *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

| | | |
|---|---|---|
| Jose Raymond Briones<br>10037 Regent Row St<br>Fort Worth, TX 76126 | Phoenix Financial Services LLC<br>9699<br>8902 Otis Ave Ste 103A<br>Indianapolis, IN 46216-1077 | Progressive Leasing<br>xxxnown<br>256 W Data Dr<br>Draper UT 84020 |
| LVNV<br>3082<br>PO Box 740281<br>Houston, TX 77274 | Poolmasters Inc.<br>2307<br>7329 Bramblewood Rd<br>Fort Worth, TX 76133 | Reflex Cardholder Services<br>4433<br>PO Box 3220<br>Buffalo, NY 14240 |
| North Texas Tollway Authority<br>5942<br>PO Box 660244<br>Dallas, TX 75266 | Portfolio Recovery Associates<br>xxxnown<br>PO Box 41067<br>Norfolk, VA 23541 | Speedy Cash<br>8357<br>PO Box 780408<br>Wichita, KS 67278-0408 |
| Ocwen Loan Servicing LLC<br>9437<br>PO Box 24738<br>West Palm Beach, FL 33416-4738 | Portfolio Recovery Associates<br>5827<br>PO Box 41067<br>Norfolk, VA 23541 | Think Cash<br>xxxnown<br>PO Box 101842<br>Fort Worth, TX 76126 |
| One Main Financial<br>7020<br>4608 Bryant Irvin Rd, Suite 411<br>Fort Worth, TX 76132 | Power Finance Texas<br>9289<br>1303 N. Collins St<br>Arlington, TX 76011 | True Financial Services<br>3001<br>PO Box 2803<br>Peachtree City, GA 30269-0803 |
| Paula Moore<br>3804<br>933 W Weatherford St Ste 200<br>Fort Worth, TX 76102 | Premier Bankcard/Charter<br>4576<br>PO Box 2208<br>Vacaville, CA 95696 | United Revenue Corp<br>9453<br>204 Billings St Ste 120<br>Arlington, TX 76010-2495 |
| Payday Select<br>5469<br>PO Box 852<br>Ruidoso, NM 88345 | Professional Finance Co., Inc.<br>6584<br>5754 West 11th St, Suite 100<br>Greeley, CO 80634-4809 | United States Trustee<br>1100 Commerce St Room 976<br>Dallas, TX 75242-0996 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN RE:   **Jose Raymond Briones**                                    CASE NO.

_____
*Debtor*

                                                                            CHAPTER    **13**

_____
*Joint Debtor*

### CERTIFICATE OF SERVICE
(Continuation Sheet #3)

Valero Gas Card
0001
PO Box 631
Amarillo TX 79105-0631


Verizon Wireless
xxxnown
PO Box 650051
Dallas, TX 75265


Wachovia
xxxnown
PO Box 21566
Greensboro, NC 27420-1566